IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| REGINALD DONELL RICE, #1436278 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv537 |
| JAMES N. KRUG, ET AL. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Reginald Donell Rice, an inmate confined in the Byrd Unit of the Texas prison system, proceeding *pro se* and seeking to proceed *in forma pauperis* (docket entries #2, 6), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge Don D. Bush, who issued a Report and Recommendation (docket entry #7) finding that the Court should dismiss Plaintiff's action with prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff has filed objections (docket entry #9).

Having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Specifically, it is well-documented that Plaintiff has had three or more civil rights lawsuits dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted," barring the filing of additional civil rights lawsuits while proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(g), unless certain conditions are met. In his objections, Plaintiff contends he is in imminent physical danger because the stress of being incarcerated in allegedly "solitary confinement" conditions at the Collin County Detention Center has increased his

blood pressure and he was allegedly placed on a suicide watch for a period of three days. Under *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (*per curiam*), when a plaintiff is under "imminent danger of serious physical injury," he will be granted *in forma pauperis* status despite his history of litigious abuse and will be allowed to file his complaint, at least until the appropriate court can investigate it. *Id*. at 885. In order to implement this scheme, the reviewing court must "determine if danger exists *at the time the plaintiff seeks to file his complaint or notice of appeal IFP*." *Id*. (emphasis in original); *see also King v. Steven*, 382 Fed. Appx. 396, 396 (5th Cir. 2010) (*per curiam*) ("[t]he determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court or to proceed with his appeal, or when he files a motion to proceed IFP."). Here, Plaintiff has only alleged that he had high blood pressure due to the conditions of his temporary incarceration at the Collin County Detention Center while awaiting an evidentiary hearing. When he filed his motion for *in forma pauperis* status, his filing indicated he had been returned to the Byrd Unit and was no longer at the Collin County Detention Center. *See* docket entry #6; *see also* Objections (docket entry #9) (housed at the Byrd Unit in Huntsville, Texas). Therefore, the condition of which he complained did not exist at the time of his motion to proceed *in forma pauperis* or later. Furthermore, Plaintiff has also stated that he had been treated with medication for his high blood pressure. Therefore, his objections are without merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the

findings and conclusions of the Court.  It is accordingly

      **ORDERED** that Plaintiff's action is hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(g).  It is further

      **ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

      **SIGNED this the 29th day of September, 2011.**

      _Richard A. Schell_
      RICHARD A. SCHELL
      UNITED STATES DISTRICT JUDGE